<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SM MEDICAL HOLDINGS CORPORATION,** *as assignee of* HIDALGO COUNTY EMERGENCY SERVICES FOUNDATION d/b/a SOUTH TEXAS AIRMED,<br><br>Plaintiff,<br><br>v.<br><br>**CARE IMPROVEMENT PLUS**,<br><br>Defendant. | Civil Action No. 24-6607 (ZNQ) (JBD)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Dismiss (the "Motion") filed by Defendant Care Improvement Plus ("CIS" or "Defendant"). (ECF No. 13.) Defendant filed a brief in support. ("Moving Br.", ECF No. 13-1.) Plaintiff SM Medical Holdings Corporation ("SM" or "Plaintiff"), as assignee of Hidalgo County Emergency Services Foundation, doing business as South Texas Airmed ("Hidalgo"), filed a brief in opposition ("Opp'n Br.", ECF No. 18), and Defendant filed a reply. ("Reply Br.", ECF No. 19.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** Defendant's Motion and dismiss the Complaint without prejudice for lack of jurisdiction.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

The Complaint contains only three brief paragraphs pertaining to the facts of this case.

Pursuant to a Bill of Sale executed on November 30, 2023, Hildalgo sold its receivables to SM.  (Comp., Facts ¶ 1.)  SM claims that CIS is indebted to SM in the amount of $132,895.00 for moneys due and owing for various ground and air ambulance services provided by Hidalgo.  (*Id.* ¶ 2.)  On January 23, 2024, SM transmitted a demand for payment to CIS.  (*Id.* ¶ 3.)  To date, CIS has failed to make any payments to SM.  (*Id.*)

Plaintiff filed its Complaint on May 31, 2024.  (ECF No. 1.)  CIS filed the Motion to Dismiss on March 6, 2025.

**II.  SUBJECT MATTER JURISDICTION**

Plaintiff asserts that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are diverse and the value of the controversy exceeds $75,000.

**III.  LEGAL STANDARD**

Defendant moves to dismiss the Complaint for failure to state a claim under Rule 12(b)(6).  However, Plaintiff's failure to assert any facts indicating it exhausted its administrative remedies under the Medicare Act precludes the Court from exercising subject matter jurisdiction over the action.

Under Rule 12(b)(1), a court must dismiss a claim if it lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1); *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and to "raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 122 n.5 (3d

2

Cir. 2016) (quoting *Henderson ex rel. Henderson v. Shinseki*¸ 562 U.S. 428, 434 (2011)).  A Rule 12(b)(1) motion can raise a facial attack or a factual attack, which determines the standard of review.  *Mazo v. Way*, 551 F. Supp. 3d 478, 489 (D.N.J. 2021).

A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law . . . or because some other jurisdictional defect is present." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).  In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff."  *Id.* at 358.  "A factual attack concerns the actual failure of [plaintiff's] claims to comport with the jurisdictional perquisites." *CAN v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); *see id.* ("So, for example, while diversity of citizenship might have been adequately pleaded by the plaintiff, the defendant can submit proof that, in fact, diversity is lacking.")  When considering a factual challenge, "the plaintiff [has] the burden of proof that jurisdiction does in fact exist," the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," and "no presumptive truthfulness attaches to [the] plaintiff's allegations . . . ."  *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**IV.     DISCUSSION**

Plaintiff alleges one cause of action: accounts stated.  (Comp. at 5.)  Defendant argues that the Complaint warrants dismissal for three reasons: (1) Plaintiff has not exhausted all administrative remedies; (2) Plaintiff's claims are preempted by the Medicare Act; and (3) Plaintiff fails to adequately plead a valid accounts stated claim.

### A.  EXHAUSTION

The Medicare Act has an exhaustion requirement, "42 U.S.C. § 405(h), [which] makes judicial review under a related provision, 42 U.S.C. § 405(g), the sole avenue for judicial review for claims arising under the Medicare Act." *Uhm v. Humana, Inc.*, 620 F.3d 1134, 1140 (9th Cir. 2010) (internal quotations omitted). "The Supreme Court has held that the exhaustion requirement of § 405(g) consists of a non-waivable requirement that a claim for benefits shall have been presented to the Secretary, and a waivable requirement that the administrative remedies prescribed by the Secretary be pursued fully by the claimant." *Id.* "Only once the Secretary has issued a final decision may the individual seek judicial review of that determination. A final decision is rendered only after the individual has pressed his claim through all levels of administrative review." *Id.* (internal quotations and citations omitted).

"The key inquiry in determining whether § 405(h) requires exhaustion before [this Court] can exercise jurisdiction is whether the claim 'arises under' the [Medicare] Act." *Id.* at 1141. "The Supreme Court has identified two circumstances in which a claim 'arises under' the Medicare Act: (1) where the 'standing and substantive basis for the presentation of the claims' is the Medicare Act; and (2) where the claims are 'inextricably intertwined' with a claim for Medicare benefits." *Id.* (internal citations and quotations omitted).

Plaintiff asserts one accounts stated claim—which is a state common law claim. *See Bestherb, Inc. v. Yinlink Int'l Inc.*, Civ. No. 22-6548, 2024 WL 3898039, *1 (D.N.J. Aug. 22, 2024) (matter "involv[ed] common-law claims," including accounts stated claim). As such, Plaintiff does not directly invoke a claim under the Medicare Act. However, "even a state law claim may 'arise under' the Medicare Act." *Uhm*, 620 F.3d at 1142. Therefore, the Court must address whether Plaintiff's claim is "inextricably intertwined" with a claim for Medicare benefits.

4

"One category of claims that [courts] have found to arise under the Act are those cases that are cleverly concealed claims for benefits." *Id.* at 1141 (internal quotations omitted). Further, "whether . . . [a plaintiff seeks] reimbursement of benefits is not 'strongly probative' of whether a claim 'arises under' the Medicare Act" as "the remedy sought [is not] dispositive of the 'arising under' question." *Id.* at 1142. "[W]here, at bottom, a plaintiff is complaining about the denial of Medicare benefits . . . the claim 'arises under' the Medicare Act." *Id.* at 1142–43.

Plaintiff alleges only the accounts stated cause of action. This is a contract-based claim that seeks to recover the unpaid amount Hildago billed CIS for various ambulance services. This claim is predicated on SM's status as an assignee of the enrollees' claims for benefits under CIS plans, for without that status Hildago would have no basis for demanding payment from CIS. The question with respect to this claim is whether payment of the benefits Plaintiff seeks to recover would constitute a payment of benefits under Part C of the Medicare Act. The answer is yes.

As such, the Court finds that Plaintiff's claim is inextricably intertwined with claims for benefits under Part C of the Medicare Act. The claim therefore "arises under" the Act and is subject to Part C's mandatory administrative exhaustion requirement.

Nonetheless, Plaintiff does not allege that it presented its claim to the Secretary of Health and Human Services or engaged at all in Medicare's administrative review process. Because Plaintiff failed to allege whether or how it has exhausted its administrative remedies and has not shown any basis for excusing that requirement, the Complaint must be dismissed for lack of subject matter jurisdiction.[1]

---

[1] The Court does not reach Defendant's arguments as to preemption or failure to state a claim because it concludes it lacks subject matter jurisdiction.

## V.      CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendant's Motion to Dismiss. The Court will dismiss the Complaint in its entirety and grant Plaintiff leave to file an Amended Complaint within 30 days. The Clerk's Office will be instructed to administratively terminate this matter pending Plaintiff's submission. An appropriate Order will follow.

Date: October 24, 2025

                                                             s/ Zahid N. Quraishi  
                                                             **ZAHID N. QURAISHI**  
                                                             **UNITED STATES DISTRICT JUDGE**